```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ROBERT JAMES NEVILLE, JR. § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| § | | |
| GARY JOHNSON, Executive § | | |
| Director, Texas Department § | | |
| of Criminal Justice, § | | |
| Correctional Institutions § | | |
| Division, § | | |
| § | CIVIL NO. 4:06-CV-099-Y | |
| DOUGLAS DRETKE, Director, § | DEATH-PENALTY CASE | |
| Texas Department of Criminal § | | |
| Justice, Correctional § | | |
| Institutions Division, § | | |
| § | | |
| CHARLES O'REILLY, Senior § | | |
| Warden, Huntsville Unit, § | | |
| Huntsville, Texas, and § | | |
| § | | |
| UNKNOWN EXECUTIONERS, § | | |
| § | | |
|     Defendants § | | |

**MEMORANDUM OPINION AND ORDER**

Texas death row inmate Robert James Neville, Jr. ("Plaintiff" and "Neville") has filed a complaint pursuant to Title 42, United States Code, Section 1983. Defendants are Gary Johnson, the executive director of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"), Douglas Dretke, the director of the TDCJ-CID, Charles O'Reilly, the senior warden of the Huntsville Unit of the TDCJ-CID, and unknown executioners. For the reasons set forth below, the Court denies each of the claims in this petition for injunctive relief.

On February 15, 1998, Robert James Neville murdered Amy Robinson in the course of her kidnapping in Tarrant County, Texas. A jury convicted Neville of capital murder, and assessed his punishment at death by lethal injection. *See State v. Neville*, No. 0685474A (371st Dist. Ct., Tarrant County, Tex. Dec. 18, 1998). Neville waived his state appeals. Thereafter, the Texas Court of Criminal Appeals reviewed the record of his trial for fundamental error and, finding none, affirmed the judgment of conviction and sentence of death. *See Neville v. State*, No. 73,368 (Tex. Crim. App. 1999)(unpublished).

A petition for habeas corpus in state court was filed on August 7, 2000 (Record of state habeas proceeding, hereafter "SHR" at 2), complaining only that Neville "was denied effective assistance of counsel when trial counsel failed to voir dire on a critical punishment issue." (SHR at 3, 6-9.) This application was denied on March 28, 2001. *See Ex parte Neville*, Writ No. 48,694-01 (Tex. Cr. App. 2001). Subsequently, Neville filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on July 19, 2001, which was denied on September 13, 2004. *See Neville v. Dretke*, 4:01-CV-270-Y (N. D. Tex.). Neville was denied a certificate of appealability both by this Court and by the Court of Appeals. *See Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005). Although granted an extension of time to file a motion for rehearing, *see Neville v. Dretke*, No. 04-70038 (5th Cir. Oct. 11, 2005), Neville did not file such a motion for rehearing. Instead, he filed more motions to extend

2

the time for filing motions for rehearing in the Court of Appeals, *see Neville v. Dretke*, No. 04-70038, to extend the time for filing a petition for writ of certiorari to the Supreme Court, *see Neville v. Dretke*, No. 05A470 (Nov. 28, 2005)(denied), and for an out-of-time petition for writ of certiorari, which was also denied. *See Neville v. Dretke*, No. 05M54 (Jan. 23, 2006). In the meantime, the State of Texas scheduled his execution for February 8, 2006. Neville waited until the afternoon of February 6, 2006 to file the instant Complaint.

### *Claims*

In two claims for relief, Neville complains that the Texas method of execution and related procedures violate his rights under the Eights and Fourteenth Amendments to be free from cruel and unusual punishment. Specifically, Neville complains that the defendants are acting with deliberate indifference to his medical needs first in unnecessarily increasing the risk that he will experience torture during the administration of his death sentence by injecting him with wholly unnecessary drugs, and second by failing to disclose their protocol for gaining venous access and by potentially resorting to invasive medical procedures to gain venous access without adequate safeguards.

In support of his claims, Neville states that the defendants are given discretion under Texas law to design the protocol for the administration of a death sentence by lethal injection, including which drugs will be injected to execute the sentence. Neville then

3

acknowledges that he does not know what actual drugs or protocol will be used because the "precise lethal injection protocol designed by Defendants in kept a secret." (Complain at 3). Even so, Neville asserts his beliefs that the drugs intended to be used to carry out his execution are "wholly unnecessary" to the administration of the death sentence and will cause an "intolerable risk" that he will consciously suffer an excruciatingly painful and protracted death. (Complaint at 3-5). Further, the fact that the defendants have not disclosed which drugs will be used and what protocols will be followed both prior to the injection in gaining venous access, and during the injection, along with the qualifications of the personnel who will perform these procedures, are also claimed to violate his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishments.

### *Method of Execution Claims*

The Supreme Court has not determined whether civil-rights suits to enjoin the use of a particular method of execution, such as lethal injection, fall within the core of federal habeas corpus or, rather, whether they are properly viewed as challenges to the conditions of a condemned inmate's death sentence. *See Nelson v. Campbell*, 541 U.S. 637, 643-44, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004). Although Neville appears to use language similar to that relied upon in *Nelson*, his complaint appears different, and more capable of being interpreted as the functional equivalent of a second or successive habeas

4

application subject to the gatekeeping provisions of 28 U.S.C. § 2254(b).  Even though Neville is careful to use the words "wholly unnecessary" in describing the drugs that he believes are intended to be used in the scheduled execution, this is where his similarity to Nelson's case ends.  Unlike *Nelson*, the instant complaint does not allege any specific representations by any of the defendants that any "cut down" procedure will be used.  Further, although Nelson "alleged alternatives that, if they had been used, would have allowed the State to proceed with the execution as scheduled," the instant complaint makes no such alternative allegations.  Instead, each of the drugs are alleged to be "wholly unnecessary" to the scheduled execution by lethal injection. (Complaint at 3-4).  This leaves no available drugs for the state to use to accomplish the execution.  Thus, there is no alternative to interpreting his complaint as the functional equivalent of a subsequent habeas petition.  Since Neville has not obtained an order from the Court of Appeals authorizing this Court to consider such a subsequent petition, it should be dismissed on that ground.  However, it is not necessary for this court to reconstrue his filing since Neville has waited to long to bring his § 1983 claim.

### *Dilatory Filing*

Although the Supreme Court in *Nelson* left open the question of whether an inmate may make a cognizable civil-rights claim regarding a method of execution, it did not approve the use of such claims to

5

make last-minute attempts to enjoin executions.

> A stay is an equitable remedy and "equity must take into consideration the State's strong interest in proceeding with its judgment and . . . attempt[s] at manipulation." Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harm to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim.  Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring the entry of a stay.

*Nelson*, 541 U.S. at 649-50, 124 S.Ct. at 2126 (citations omitted). Neville has not overcome this presumption.  Further, in considering this requirement, the Fifth Circuit Court of Appeals has held that although "'method of execution actions may be brought in a § 1983 suit instead of a habeas petition,' . . . the § 1983 claim should 'not unduly threaten the State's ability to carry out the scheduled execution.'" *White v. Johnson*, 429 F.3d 572, 573 (5th Cir. 2005)(quoting *Harris v. Johnson,* 376 F.3d 414, 416 (5th Cir.2004)). "[T]he fact that 'an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right,' and '[a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.'" *White*, 429 F.3d at 573 (quoting *Nelson*, 541 U.S. at 649, 124 S.Ct. at 2125-26).

Further, the Prison Litigation Reform Act of 1995 (PLRA) imposes limits on the scope and duration of preliminary and permanent

6

injunctive relief, including a requirement that, before issuing relief, "[a] court shall give substantial weight to any adverse impact on . . . the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1); *Nelson*, 541 U.S. at 650, 124 S.Ct. at 2126. The PLRA also mandates that a district court "shall," on its own motion, dismiss "any action brought with respect to prison conditions under section 1983 of this title . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from relief." 42 U.S.C. § 1997(d)(c)(1); *Nelson*, 541 U.S. at 650, 124 S.Ct. at 2126.

Neville has been under a sentence of death by lethal injection since 1998. Although he has filed this complaint within two days of his scheduled execution, he has not shown that he could not have presented either of these claims earlier, nor has he presented any alternative to this Court that would allow his scheduled execution to proceed. Therefore, the Court finds that Neville has delayed unnecessarily in bringing his claims, that the instant complaint is a dilatory attempt to manipulate the judicial process, and concludes that granting the requested injunction would unduly threaten the ability of the State of Texas to carry out the scheduled execution.

### *Order*

Having concluded that Plaintiff has waited too long to file his complaint under 42 U.S.C. § 1983, it is, therefore, ORDERED that each

7

of Plaintiff's claims for relief be and they are all hereby DENIED, and his complaint is hereby DISMISSED.

Signed February 7, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE